IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY STITH,

    Plaintiff,                    CV F 05 00023 AWI WMW P

  vs.                          <u>ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND</u>

HARRELL WATTS, et al.,

    Defendants.
_____/

       Plaintiff is a federal prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S..C. § 1983.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the U.S. Penitentiary at Atwater, brings this civil rights action against defendant correctional officials employed by the BOP at Atwater.  Plaintiff claims that he is subjected to unconstitutional conditions of confinement.

       In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that

person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981). There are no allegations that any of the defendants, U.S. Bureau of Prison employees, were acting under color of state law.[1]  The complaint must therefore be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

---

[1] A Bivens cause of action is a judicially created counterpart to 42 U.S.C. § 1983 for claims against federal officers.  Bivens v. Six Unknown Agents, 403 U.S. 388 (1971)

and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   May 2, 2005             /s/  William M. Wunderlich
mmkd34                           UNITED STATES MAGISTRATE JUDGE