IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. STITH, | |
| Plaintiff, | CV F 05 0023 AWI WMW   P |
| vs. | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS (DOCUMENT 26) |
| HARRELL WATTS,, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).   Pending before the court is defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has opposed the motion.

Motion to Dismiss

A Rule 12(b)(6) Motion tests the legal sufficiency of the claim or claims stated in the Complaint.  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

1  the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869
2  (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307
3  F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions,
4  with limited exceptions," none of which apply to section 1983 actions.  Swierkiewicz v. Sorema
5  N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must
6  contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."
7  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the
8  plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

9       A court may dismiss a complaint only if it is clear that no relief could be granted under
10 any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and
11 summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of
12 unmeritorious claims."  Id. at 512.  "The issue is not whether a plaintiff will ultimately prevail
13 but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear
14 on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."
15 Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232,
16 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
17 suffice only to put the opposing party on notice of the claim . . . .'" (*quoting* Fontana v. Haskin,
18 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not
19 be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the
20 claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)
21 (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log
22 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

23      Plaintiff is an inmate currently in the custody of the U.S. Bureau of Prisons (BOP) at the
24 U.S.  Penitentiary at Victorville, brings this civil rights action against defendant correctional
25 officials employed by the BOP.  Plaintiff's sole claim in this action is that he was exposed to
26

environmental tobacco smoke (ETS) while housed at the U.S. Penitentiary at Atwater. Plaintiff names as defendants the following officials: Harrell Watts, National Administrator of Inmate Appeals; Joseph E. Gunja, Regional Director; Warden Paul Schultz; Assistant Warden Jesse Gonzalez.

The allegations of the first amended complaint indicate that Plaintiff has filed "numerous complaints" to administrative staff regarding his exposure to ETS. Plaintiff's grievance is that these officials have disregarded his complaints that BOP policies are not being enforced. Plaintiff alleges that "as a direct result," he has developed a number of health related problems over a period of time. Plaintiff seeks compensatory damages.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Exposure to levels of environmental tobacco smoke ("ETS") that pose an unreasonable risk of serious damage to a prisoner's future health may state a cause of action under the Eighth Amendment where prison officials acted with deliberate indifference. Helling v. McKinney, 509 U.S. 25, 35 (1993). The objective factor requires that the prisoner "show that he himself is being exposed to unreasonably high levels of ETS" and that the "risk of which he complains is not one that today's society chooses to tolerate." Helling, 509 U.S. at 35-6. The subjective factor requires that the prisoner demonstrate that prison officials acted with deliberate indifference in exposing him to ETS. Id.

The Helling court, while holding that a prisoner may state a claim for relief by alleging exposure to ETS, was clear in its holding that in order to do so, Plaintiff must allege facts that satisfy the constitutional standard. Defendants argue that Plaintiff has failed to set forth a prima

1  facie case for an Eighth Amendment violation.  Defendants note that <u>Helling</u> involved a case
2  where the prisoner alleged that he was assigned to a cell with another inmate who smoked five
3  packs of cigarettes a day.  The complaint also alleged that cigarettes were sold to inmates without
4  properly informing them of the health hazards a nonsmoking inmate would encounter by sharing
5  a room with an inmate who smoked.  <u>Helling</u>, 509 U.S. at 28.  The Supreme Court went on to
6  note that the adoption of a smoking policy would bear heavily on the inquiry into deliberate
7  indifference.  <u>Id</u>. at 36.

8  Inherent in the deliberate indifference standard is the subjective state of mind of the
9  defendant - a named defendant must be specifically aware of the particular danger to Plaintiff,
10 and act in disregard of that danger.  The plaintiff in <u>Helling</u> was exposed to a particular danger.
11 He was housed with an inmate who smoked 5 packs of cigarettes a day in the same cell as the
12 plaintiff.  The Supreme Court further explicated the risk as "to be so grave that it violates
13 contemporary standards of decency to expose anyone unwillingly to such a risk.  In other words,
14 the prisoner must show that the risk of which he complains is not one that today's society
15 chooses to tolerate." <u>Id</u>.

16 Here, Plaintiff's allegations fail for vagueness.  The crux of Plaintiff's claim is that prison
17 officials are not consistently enforcing BOP policy.  There are no specific allegations as to how
18 much ETS Plaintiff is exposed to.  There are no allegations regarding how long Plaintiff has been
19 exposed to ETS.  A generalized allegation that policy is not being enforced is insufficient to state
20 a claim for relief.  <u>Helling</u> makes it clear that, although exposure to ETS may constitute an
21 Eighth Amendment violation, the deliberate indifference standard applies.  That standard
22 mandates that Plaintiff allege facts indicating that the named defendants had a sufficiently
23 culpable state of mind - facts that they knew of a particular harm to Plaintiff and acted with
24 disregard to that harm, causing injury to Plaintiff.  Plaintiff has not done so here.

<u>Supervisory Liability</u>

Further, each of the named defendants is a prison administrator or supervisor. Plaintiff may not subject supervisory defendants to liability on the basis of respondeat superior. See Bibeau v. Pacific Northwest Research Foundation, 188 F.3d 1105, 1114 (9th Cir. 1999); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). Liability may be imposed on supervisory defendants in a Bivens action only if the supervisor personally participated in the deprivation of constitutional rights or if there was a sufficient causal connection between the alleged wrongful conduct and the violation. See MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995). Here, there are no facts alleged indicating that any of the named defendants knew of any particular harm to Plaintiff and acted with deliberate indifference to that harm.

In his opposition, Plaintiff fails to overcome the legal arguments proffered by Defendants. Plaintiff does, however, attempt to bolster his case with further factual allegations. In resolving a motion to dismiss, a district court may not consider materials outside the complaint and pleadings. See Gumataotao v. Director, 236 F.3d 1077, 1086 (9th Cir. 2001); Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). Plaintiff has not made any showing that, or proffered any legal authority that, his factual allegations, taken as true, state a claim for relief. Further, Plaintiff has not alleged any facts indicating that any of the supervisory defendants knew of a specific harm to Plaintiff and acted with disregard to that harm.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be granted, and this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  Plaintiff is  advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 15, 2006**             /s/  **William M. Wunderlich**
j14hj0                                                   UNITED STATES MAGISTRATE JUDGE