IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY STITH,

    Plaintiff,                                  CV F 05 0023 AWI WMW P

    vs.                                          ORDER RE: FINDINGS &
                                                     RECOMMENDATIONS (#37)

HARREL WATTS, et al.,               ORDER GRANTING MOTION
                                                     TO DISMISS (#26)
    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

        On September 18, 2006, Findings and Recommendations were entered, recommending Defendants' motion to dismiss be granted and the court dismiss this action for failure to state a claim upon which relief can be granted. Plaintiff was provided an opportunity to file objections within ten days. Plaintiff has not filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the

1  entire file, the court finds the findings and recommendations to be supported by the record and
2  proper analysis.  The complaint fails to allege sufficient facts to state a claim.  However, it
3  appears the court has never given Plaintiff the opportunity to amend his complaint.  Generally, a
4  court  must give a pro se incarcerated inmate notice of the complaint's pleading deficiencies prior
5  to dismissal of an action.  See  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (if court determines
6  that complaint fails to state claim, leave to amend may be granted to extent that complaint's
7  deficiencies can be cured);  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must
8  be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a
9  claim).   Further, when dismissing a complaint, the Ninth Circuit has stated that "leave to amend
10 should be granted unless the district court determines that the pleading could not possibly be
11 cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th
12 Cir.2001) (internal quotation marks omitted);  Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th
13 Cir. 1996).  Here, the court cannot find that it would be impossible for Plaintiff to allege
14 additional facts that would state a claim.  As such, the court will dismiss the complaint with
15 leave to amend.

16      Plaintiff is advised that any amended complaint that includes such claims must be based
17 upon a well-founded belief that a cognizable or arguable legal theory exists that would support
18 such a theory.   Plaintiff must demonstrate how the conditions complained of have resulted in a
19 deprivation of Plaintiff's federal constitutional rights.   Plaintiff must allege in specific terms
20 how each named defendant is involved.  In addition, Plaintiff is informed that the court cannot
21 refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule
22 15-220 requires that an amended complaint be complete in itself without reference to any prior
23 pleading.  This is because, as a general rule, an amended complaint supersedes the original
24 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).   Therefore, in an amended
25 complaint, as in an original complaint, each claim and the involvement of each defendant must
26

be sufficiently alleged.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on September 18, 2006, are adopted in full;

2. Defendants' motion to dismiss is GRANTED;

3. The complaint is DISMISSED with leave to amend;

4. Plaintiff shall file any amended complaint within thirty days of this order's date of service.   Any amended complaint shall contain the case number for this action and be captioned "Amended Complaint."

5. Plaintiff is forewarned that failure to file an amended complaint will result in this action's dismissal.

IT IS SO ORDERED.

**Dated:   October 3, 2006**                              /s/ Anthony W. Ishii
0m8i78                                               UNITED STATES DISTRICT JUDGE